**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Edward Philpot,

    Plaintiff,

    v.                                        Case No. 1:09cv197

Commissioner of Social Security,       Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the court upon Magistrate Judge's Report and Recommendation ("R&R") that the decision of the Commissioner should be reversed and remanded for an award of benefits. (Doc. 10.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] The Commissioner filed timely Objections to the R&R. (Doc. 11.) Plaintiff filed a Reply to the Objections. (Doc. 12.)

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and DIB in April of 2006, alleging that he was disabled due to back pain, gout, and chronic obstructive pulmonary disease (COPD). Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ. An evidentiary hearing, at which Plaintiff was represented by

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

counsel, was held on October 7, 2008. The ALJ reached an unfavorable decision. Plaintiff sought review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review, which made the decision of the ALJ the final administrative decision of the Commissioner.

In the decision, the ALJ found that Plaintiff suffers from the severe impairments of degenerative disc disease in the lumbar spine and COPD/asthma. (Tr. 6.) The ALJ found further that Plaintiff retains the residual functional capacity ("RFC") for work activity except: (1) Plaintiff can lift/carry and push/pull up to 20 pounds occasionally, 10 pounds frequently; (2) in an 8-hour workday, he can stand and/or walk a total of six hours; (3) he can only occasionally stoop, kneel, crouch, and climb ramps or stairs; (4) he should not crawl, climb ladders, ropes, and scaffolds, or work at unprotected heights; and (5) he should avoid even moderate exposure to extreme cold or to respiratory irritants, (Tr. 8) The ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 12.) However, the ALJ found that Plaintiff was not disabled because there were a significant number of jobs in the national economy that Plaintiff can perform. (Tr. 12.)

## II.     MAGISTRATE JUDGE'S R&R

In his R&R, the Magistrate Judge found that several of the errors alleged by Plaintiff had merit, but were harmless. Plaintiff and the Commissioner do not challenge these findings. However, the Commissioner challenges the Magistrate Judge's finding that the ALJ erred in rejecting the opinions of three of Plaintiff's treating physicians regarding

Plaintiff's need for supplemental oxygen.[2] The Magistrate Judge noted that the ALJ instead relied upon the opinion of Dr. James McKenna, a medical expert who was present and testified during the hearing. The Magistrate Judge determined that the ALJ erred by rejecting the opinions of the treating physicians. The Magistrate Judge found that because the Vocational Expert testified that there were no jobs Plaintiff could perform if supplemental oxygen was needed, Plaintiff is disabled.

In his Objections to the R&R, the Commissioner argues that there are conflicting medical opinions regarding whether Plaintiff required ambulatory oxygen. The Commissioner argues further that to the extent that the Magistrate Judge found a conflict in the opinions of Dr. McKenna and the treating physicians, this matter should be remanded for further proceedings instead of an award of benefits.

## III.  ANALYSIS

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d

---

[2] The Magistrate Judge states that Dr. Scheidler opined that Plaintiff required ambulatory oxygen. However, the only record from Dr. Scheidler is a script prescribing a cane. (Tr. 511) The remainder of Dr. Scheidler's records were not made a part of the record because Dr. Scheidler's office refused to release the records due to an unpaid bill. The Commissioner repeats this error in his Objections.

98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

The evidence in the record regarding Plaintiff's use of supplemental or ambulatory oxygen is as follows:

In February of 2005, Dr. Peter Lewis, an internist, prescribed a home health consult for home oxygen for Plaintiff. (Tr. 316.) On May 2, 2005, Dr. Lewis wrote on a script pad which was sent to Child Support Enforcement that Plaintiff has "severe COPD and is dependent on oxygen 24 hours per day. His medical condition makes him medically disabled." (Tr. 248.) Dr. Lewis saw Plaintiff again in June of 2005 and remarked that his COPD was severe and that Plaintiff "requires oxygen 24 hours per day to maintain adequate respiratory status." (Tr. 245.) In September of 2005, Dr. Lewis reported that Plaintiff is "now oxygen dependen[t] 24 hours a day." (Tr. 240.)

Dr. Kenneth Wehr, a pulmonologist, treated Plaintiff during the period from June to December 2006. Following a pulmonary function study on July 26, 2006, Dr. Wehr stated that Plaintiff has "moderate obstructive ventilatory disease with reversible lung disease." (Tr. 454.) In February of 2007, Dr. Wehr completed disability forms on behalf of Plaintiff, but makes no mention of the use of oxygen. (Tr. 458-59.) On March 14, 2007, Dr. Wehr completed a pulmonary residual function capacity questionnaire. (Tr. 449.) Dr. Wehr listed one of Plaintiff's medications as oxygen and stated that the daily amount taken is "[illegible] as needed." (Tr. 450.) Dr. Wehr answered a number of questions about

Plaintiff's functional restrictions, none of which prompted a mention of ambulatory oxygen. (Tr. 450-52.)

Dr. Wehr completed a sleep apnea study after the hearing on October 15, 2008. (Tr. 492.) Based upon the results, Dr. Wehr stated that there was no definite evidence for obstructive sleep apnea. (Tr. 497.) Dr. Wehr recommended weight loss, and "oxygen for desaturations/known COPD." (Tr. 497.)

In October of 2008, Dr. McKenna, a pulmonologist, testified at the hearing that pulmonary function tests from November 2006 and July of 2006 were within normal range. (Tr. 62-66.) Dr. McKenna explained that initially Plaintiff may have been prescribed oxygen to sleep at night because he was formerly obese. (Tr. 66.) However, Dr. McKenna did not see any indication for ambulatory oxygen in the file. (Tr. 66.)

At the hearing, Plaintiff testified that he uses oxygen 90 percent of the day and he always uses it when he sleeps. (Tr. 28.) However, when Plaintiff underwent a sleep study after the hearing on October 15, 2008, he reported that "he has oxygen at home but only uses it when he wants to." (Tr. 492.)

A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2)(1999).

In determining the weight to assign a treating source's opinion, the Commissioner considers the length of the relationship and frequency of examination; nature and extent of the treatment relationship; how well-supported the opinion is by medical signs and

laboratory findings; its consistency with the record as a whole; the treating source's specialization; the source's familiarity with the Social Security program and understanding of its evidentiary requirements; and the extent to which the source is familiar with other information in the case record relevant to decision. *Id.*

If a treating physician's opinion is not given controlling weight, the ALJ must continue to weigh it under a number of factors set forth in the Regulations: "namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion." *Wilson v. Comm'r. of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004), *citing* 20 C.F.R. § 404.1527(d)(2). The opinions of medical experts are weighed using these same factors. 20 C.F.R. § 404.1527(f)(iii).

The ALJ gave "no weight" to the limitations found by Dr. Wehr in the March 14, 2007 functional capacity assessment because they were "not supported by anything in Dr. Wehr's treatment notes and are inconsistent with results of the pulmonary function test he ordered on July 26, 2006." (Tr. 9.) The ALJ instead gave "significant weight" to the testimony of Dr. McKenna. (Tr. 11.)

The Court concludes that there was no error in the weight the ALJ afforded the medical opinions in the record. The Court finds that it was proper for the ALJ to not give any weight to the opinion of Dr. Lewis. Dr. Lewis is an internist, and Drs. Wehr and McKenna are pulmonologists. The regulations permit the ALJ to give more weight to a specialist about medical issues related to his or her speciality than the opinions of a doctor who is not a specialist. 20 C.F.R. § 404.1527(d)(5). In addition, Dr. Lewis' opinion that

Plaintiff's COPD was "severe" is contradicted by the pulmonary function tests in the record and the diagnosis of Dr. Wehr that Plaintiff's condition was "moderate."

The Court also finds that the ALJ properly weighed the opinion of Dr. Wehr. Specifically, there in nothing in Dr. Wehr's records which would support the use of oxygen for 90 percent of the day. The one reference to the duration of use appears to read "as needed." This mirrors the statement Plaintiff made in connection with the sleep study that he uses the oxygen "when he wants to." Moreover, as Dr. McKenna pointed out, Plaintiff's pulmonary function tests were normal.

Furthermore, the ALJ found that Plaintiff's testimony regarding his need to use oxygen 90 percent of the day was not credible. The Court finds no error in this conclusion. The ALJ cited to the objective evidence in the record and the testimony of Dr. McKenna. Additionally, the Court notes that at the time of the hearing, Plaintiff continued to smoke, despite being advised to stop. (Tr. 40, 58.)[3]

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court finds that none of the reasons for remand exist in this matter. Instead, the Court finds that the ALJ's decision is supported by substantial evidence because Dr. McKenna testified that

---

[3]During his office visit on October 20, 2004, Dr. Lewis told Plaintiff to quit smoking or at least decrease the number of cigarette he smokes, "since this is only aggravating his current respiratory problems." (Tr. 327.)

ambulatory oxygen was not supported by the objective medical evidence in the record.

Based on the foregoing, the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation that this matter be remanded for a finding of disability and an award of benefits (Doc. 10); and hereby **ORDERS** that the decision of the ALJ be **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

             */s/ Michael R. Barrett*
            Michael R. Barrett, Judge
            United States District Court